*Note.* Scates, Justice, was not present at this term of the Court; and Ford, Justice, was not present after the first Wednesday of the term.

---

John C. Heyl, plaintiff in error, *v.* Wyatt B. Stapp *et al.,* defendants in error.

*Error to Peoria.*

The proceeding by petition and summons is to be in the form of an action of debt. Where the verdict, as well as the judgment, is for damages, in an action of debt, the error is incurable; and the judgment must be reversed, and a *venire de novo* awarded.

This was an action of *debt by petition and summons*, instituted in the Peoria Circuit Court, by Stapp and Berry against Heyl. The cause was heard in the Court below, at the April term, 1840, before the Hon. Thomas Ford and a jury, and verdict and judgment rendered for the plaintiffs for $134 damages. The defendant brought the cause to this Court, by writ of error.

N. H. Purple, for the plaintiff in error, cited Jackson *v.* Haskell, 2 Scam. 565.

O. Peters, for the defendants in error.

This Court may enter such judgment as the Court below should have rendered. The jury find the amount of indebtedness in the shape of damages, and the Court may give it the form of debt, and thus do ample justice between the parties.

The Court did this in the case of Guild *et al. v.* Johnson, 1 Scam. 405. No application for a correction of the form of the judgment appears to have been made in the case of Jackson *v.* Haskell.

FORD, Justice, delivered the opinion of the Court:

Two questions arise in the consideration of this cause: first, as to the regularity of the judgment of the Court below; and secondly, if that judgment shall be reversed, whether a judgment can be rendered here, such as ought to have been rendered by the Circuit Court.

The action was commenced by petition and summons. The general issue and a plea of set off were filed in the Court below, and the jury found a verdict, in damages, in favor of Stapp and Berry, who were the plaintiffs. A judgment was rendered on this verdict.

This Court has already adjudged, in the case of Jackson *v.* Haskell, (1) that "the proceeding by petition and summons is to be in the form of an action of debt;" and that a verdict and judgment for damages will be erroneous. Upon the authority of this case, there is no doubt that the judgment of the Circuit Court must be reversed.

The next question for consideration is, whether this Court can proceed here to render a judgment in debt, for the amount of damages found by the verdict. The case of Guild *et al. v.* Johnson, (2) is relied on as an authority to support the affirmation of this proposition. In that case it appears, that the judgment was for damages, and for this cause it was reversed, and this Court proceeded to render a judgment for the amount of the verdict, though there is nothing in the case to show whether the verdict itself was for debt or for damages, or both. In the case of Jones *v.* Lloyd *et al.*, (3) it is determined, that "where the verdict as well as the judgment is for damages, in an action of debt, the error is incurable," and that a *venire de novo* must be awarded. These two cases do not appear to conflict with each other. The case of Jackson *v.* Haskell, before alluded to, is precisely in point. In that case, it appears that the Court here omitted to render a judgment on the verdict, and awarded a *venire de novo*.

The objection is, that the Circuit Court rendered any judgment whatever on the verdict. The verdict itself was not responsive to the issue submitted for trial. We cannot perceive how the verdict is to be amended, or determine what portion of it is for debt, and what for damages. The judgment is reversed, with costs, and the cause remanded, with directions to issue a *venire de novo*.

*Judgment reversed.*

(1) 2 Scam. 565.          (2) 1 Scam. 405.          (3) Breese 174.